# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DEME ALAN VILLASENOR,

    Defendant.

Case No. 2:06-CR-00361-KJD-PAL
         2:08-CV-00017-KJD-PAL

**ORDER**

Currently pending before the Court is Defendant Deme Alan Villasenor's ("Defendant") Motion to Vacate and Correct Sentence pursuant to 28 U.S.C. § 2255 (#64).

**I. Background**

On September 26, 2007, the Court sentenced Defendant to 70 months imprisonment on Count One of the underlying Indictment, charging Defendant with Conspiracy to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846.  Prior to sentencing, the Court had found that Defendant's total offense level was 27, that his criminal history category was I, and that the guideline imprisonment range under the advisory federal sentencing guidelines was 70–87 months.  Following imposition of his sentence, the United States Sentencing Commission enacted Amendment 706, which reduced the guideline offense level for drug distribution and conspiracy offenses involving cocaine-base by two offense levels and which applied retroactively to all defendants sentenced prior to March 3, 2008.  On August 28, 2008, pursuant to Amendment 706, the Court granted a Stipulation for Discretionary Relief (#75) which amended the Defendant's offense level by two points and reduced his sentence from 70 months to 57 months.

The immediate Motion to Vacate—filed prior to the Court's reduction of Defendant's sentence—avers *inter alia* that the Defendant was denied effective assistance of counsel at

sentencing, in violation of the Sixth Amendment to the United States Constitution.  For the reasons stated herein, the Court denies Defendant's Motion to Vacate.

**I. Legal Standard**

Where, as here, a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 Motion only if the defendant can first demonstrate either "cause" and actual "prejudice."  See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982).  A § 2255 movant can ordinarily establish "cause" by demonstrating that counsel rendered ineffective assistance.  See Coleman v. Thompson, 501 U.S. 722, 753–54 (1991).[1]  However, attorney error short of constitutional ineffectiveness does not constitute "cause" notwithstanding that the error was due to ignorance, inadvertence or deliberate strategy.  See id. at 752.

The familiar two-pronged test defined in Strickland v. Washington, 466 U.S. 668 (1984), controls claims asserting ineffective assistance of counsel.  Under the first prong, the § 2255 movant must demonstrate that counsel's conduct was constitutionally deficient in that it fell below an objective standard of reasonableness.  See id. at 688.  In evaluating counsel's performance, courts must not engage in the distorting analysis of hindsight; rather, they must evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors.  See id. at 690.  Furthermore, because counsel's competence is presumed, to satisfy this prong, a movant must rebut this presumption by proving that his counsel's representation was unreasonable under prevailing professional norms.  See Kimmelman v. Morrison, 477 U.S. 365, 384 (1986).  To satisfy the second prong, the movant must demonstrate that counsel's deficient performance prejudiced him.  See Strickland, 466 U.S. at 687.  Typically, the movant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

---

[1]Defendant's appeal was dismissed by the Ninth Circuit pursuant to the Stipulation filed by the parties. (See #82.)

would have been different.  See id. at 694.  The burden is undoubtedly on the movant and unless he

proves both prongs, his claims fail.  See id. at 687.

Here, Defendant makes various ambiguous assertions, including the claim that his counsel

failed to seek a downward departure as a consequence of Defendant's status as a deportable alien,

and that his counsel  "misrepresented and misadvised the plea to Defendant about the condition of

his plea bargain."  (#64 at 5.)  Defendant avers that he "detrimentally relied on his counsel's advise

(sic)" and agreed to enter a plea of guilty because his "counsel knew [the Defendant's] whole

behavior", and because said plea was "structured to avoid a plea agreement that would [] result in a

long sentence of prison time."  (Id.)

Upon examining Defendant's Motion, the Court finds that Mr. Villasenor has failed to set

forth sufficient allegations to establish that his counsel's representation at sentencing was

unreasonable under prevailing professional norms, Kimmelman v. Morrison, 477 U.S. at 384, or that

he was somehow prejudiced by counsel's "deficient performance."  Strickland, 466 U.S. at 687.

Additionally, the Defendant cannot demonstrate a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.  To the contrary, the

record indicates that at both his original sentencing, and upon the reduction of Defendant's original

sentence pursuant to 18 U.S.C. § 3582(c), counsel for the Defendant assisted him in receiving

substantial reductions.  Specifically, Defendant's arguments are belied by the fact that he received

significant "safety valve" and "group plea" reductions in his recommended guideline sentence range.[2]

Moreover, the instant Motion contains little more than vague allegations of ineffective assistance of

counsel.  Defendant fails to provide support for his arguments, or even to allege sufficient facts that

could effectively buttress his general assertions.  As a result, the Defendant cannot show that he was

prejudiced by pleading guilty, under the second prong of the Strickland test.  If he had not pled guilty

---

[2]Specifically, pursuant to U.S.S.G § 5C1.2, the Court was able to disregard the statutory mandatory minimum ten year sentence under 21 USC §§ 846 and 841(a)(1), and sentence Defendant to the lower end of the U.S.S.G. range—70 months.

1    and had gone to trial, there is no "reasonable probability" that but for counsel's advice, he would

2    have prevailed at trial.  See Strickland, 466 U.S. at 694.

3         Moreover, in view of Defendant's original prison sentence, even a general "mistake" as to the

4    length of sentence estimated for Defendant would not constitute a "gross mischaracterization" within

5    the meaning of the Ninth Circuit precedent.  See, e.g., United States v. Iaea, 800 F.2d 861, 864–65

6    (9th Cir. 1986) (possible to establish ineffectiveness and prejudice in connection with attorney's

7    pretrial assessment of sentencing exposure only where estimate constitutes gross mischaracterization

8    of likely outcome); Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (finding no "gross

9    mischaracterization" where defendant receives sentence 36-months higher than attorney had

10   estimated).  Thus, Defendant cannot show that he sustained "prejudice" as a result of anything his

11   attorney did or did not tell him at sentencing.

### III. Conclusion

     Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or
Correct Sentence under 28 U.S.C. § 2255, (#64) is **DENIED**.

     DATED this 19th day of January 2011.

                                        _____
                                        Kent J. Dawson
                                        United States District Judge

4